# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDE HARRIS, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DR. MICHEAL A. DANIELS, | : | NO. 17-4664 |
| TEMPLE HOSPITAL, | : | |
|     Defendants. | : | |

## MEMORANDUM

**Goldberg, J.**                                                                                   **October 25, 2017**

Plaintiff Claude Harris brings this action against Defendants Micheal A. Daniels and Temple Hospital. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will dismiss the complaint without prejudice to Plaintiff refiling his claims in state court.

## I.    FACTS

Plaintiff alleges that on November 11, 2015, he underwent a prostate examination performed by Daniels at Temple Hospital. (Compl. 4, 6.) Plaintiff contends that he "sustained cancer" from this examination. (Id. at 4.) He alleges that his testicles were X-rayed "for about 45 minutes which caused [his] foreskin on [his] penis to contact, which now require[s] [him] to be circumcised." (Id.) Plaintiff hopes that "these problems can be treated with the help of natural remedies and herbal doctors that [he] wants these defendants to provide, if not a well experienced doctor in this area of medicine may be needed." (Id.)

Based on those facts, Plaintiff initiated this lawsuit against Daniels and the Temple Hospital. He alleges that Defendants are liable for "aggravated emotional distress, interference in sexual performance and for [Plaintiff] becoming sterile from Temple's examination." (Compl. 4). He also contends that Defendants are liable for "civil rights issues" for "violating [his] body

[and causing] illness and disease without [his] permission." (Id. at 2.) He seeks damages for pain and suffering and emotional distress, and payment for any medicines that may be required for his recovery.

## II. STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. However, a court is required to dismiss a complaint filed *in forma pauperis* "at any time" if it fails to state a claim. 28 U.S.C.§ 1915(e)(2)(B)(ii).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). As Plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

Plaintiff asserts that he has brought his complaint pursuant to this Court's federal question jurisdiction. (Compl. 2.) He contends that Defendants are liable for "civil rights issues" for "violating [his] body [and causing] illness and disease without [his] permission." (Id.) Mr. Harris's alleged federal claims, however, are "wholly insubstantial and frivolous." Shapiro v. McManus, 136 S. Ct. 450, 455 (2015). Plaintiff's vague reference to "civil rights issues" does not create a federal question. None of his claims arise "[u]nder the Constitution, laws, or treaties

of the United States," 28 U.S.C. § 1331, and Plaintiff does not seek a remedy granted by the Constitution or federal law. Thus, Plaintiff's Complaint does not present a federal question under § 1331.

Because Plaintiff's Complaint does not present a federal question, the only possible independent basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." But "[t]he party asserting diversity jurisdiction bears the burden of proof" that these requirements are met. McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006). Here, Plaintiff's Complaint fails to set forth a sum certain that he is requesting in damages. Nor does the Complaint establish that the parties are diverse. Accordingly, there is no basis for jurisdiction over Plaintiff's state law claims. If he seeks to pursue those claims, he must proceed in state court.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint without prejudice to him refiling his claims in state court. Plaintiff will not be given leave to file an amended complaint because he cannot cure the defects noted above. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

An appropriate order follows.